We recommend that the question certified be answered "No."

CURETON, C. J.

The opinion of the Commission of Appeals answering the certified question is adopted and ordered certified.

**ROYAL INDEMNITY CO. et al. v. NORTH TEXAS NAT. BANK et al.**

Motions Nos. 9100, 9102, 9092; No. 1323–5426.

Commission of Appeals of Texas, Section A.

Jan. 21, 1931.

C. L. Black and Black & Graves, all of Austin, Saner, Saner & Jack, Turner, Rodgers & Winn, R. L. Stennis, and Wallace, Taylor & Vickrey, all of Dallas, for plaintiffs in error.

Thomas, Storey & Grady, and Touchstone, Wight, Gormley & Price, all of Dallas, for defendants in error.

CRITZ, J.

This case is now before us on motions for rehearing filed by North Texas National Bank, Southwest National Bank, and American Surety Company of New York.

We have read and carefully considered all of said motions and arguments submitted therewith, but still adhere to all holdings of law expressed in our original opinion [25 S.W.(2d) 822]. However, we have concluded on further examination of the record, as pointed out in the motions of the two banks, that no purpose can be served by remanding any part of this cause to the district court for a new trial.

The record conclusively shows that Spangler never increased the amount of his embezzlement after May 14, 1925, the date on which Southwest National Bank ceased to do business. Had Spangler's shortage been discovered on that date, the Southwest National Bank would have been the loser of that amount, and the North Texas National Bank, its successor, would never have been involved in this controversy at all. The officers of these two banks being ignorant of these defalcations consummated a contract by which, among other things, the North Texas National Bank took over the assets of the Southwest National Bank, and assumed its liabilities, except to its stockholders. When the Southwest National Bank closed its doors on May 14, 1925, it was indebted to several of its depositors in the total sum of $38,571.28, being the amount Spangler had received from such depositors without giving them credit upon the books of the Southwest National Bank. In other words, by reason of Spangler's embezzlement, the Southwest National Bank owed to its depositors $38,571.28 more than its books reflected. When the

North Texas National Bank took over the Southwest National Bank, Spangler at once became an employee of the North Texas National Bank. He then proceeded to take money he received from depositors of that bank and cover his defalcations to the Southwest National Bank. He, by his dishonest acts, thus caused loss to the North Texas National Bank in the sum of $38,571.28. The North Texas National Bank was protected by the bond of the American Surety Company of New York at the time this was done. It follows that the North Texas National Bank is entitled, as a matter of law, to recover this amount from the American Surety Company of New York with 6 per cent. interest from May 16, 1925.

With reference to the claim of Southwest National Bank against American Surety Company for interest, we find that the Court of Civil Appeals [14 S.W.(2d) 88] rendered judgment for Southwest National Bank against American Surety Company for the amount of $3,341.64, that being the amount of interest at 6 per cent. on the several sums of money embezzled by Spangler from Southwest National Bank within a period of four years previous to the filing by the Southwest National Bank of its cross-action against the American Surety Company. It also appears that the Court of Civil Appeals in arriving at this amount allowed no interest on any item which Spangler abstracted prior to such four years.

We therefore recommend that the former judgment of this court be set aside, and a new judgment entered reversing and setting aside the judgment of the Court of Civil Appeals, and reforming the judgment of the trial court, and in part affirming and in part reversing and rendering same as follows:

(a) That all judgments and decrees of all parties against Royal Indemnity Company be reversed, and set aside, and that company completely exonerated and discharged with its costs.

(b) That judgment be here rendered in favor of North Texas National Bank against American Surety Company of New York for $38,571.28, with interest thereon from May 16, 1925, until paid, at the rate of 6 per cent. per annum.

(c) That Southwest National Bank have judgment against American Surety Company of New York, for $3,341.64, with interest thereon from the date of this judgment until paid at the rate of 6 per cent.

(d) That North Texas National Bank take nothing against Southwest National Bank.

(e) That Southwest National Bank pay one-half the cost of appeal to the Court of Civil Appeals, its judgment for interest having been reduced, and American Surety Company pay the other one-half, and that American Surety Company pay all costs in the Supreme Court, and in the district court.

(f) That so much of the judgment of the district court not in conflict with the decrees of this court be affirmed.

CURETON, C. J.

Our original judgment is vacated, and judgment entered as recommended by the Commission of Appeals.